Susanna **ALIKHANOVA,** Petitioner,

v.

**Michael B. MUKASEY, Attorney General,** Respondent.

No. 04–76426.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 21, 2008.*

Filed Dec. 5, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Artem M. Sarian, Esquire, Sarian Law Group, APLC, Glendale, CA, for Petitioner.

Michael Dashefsky, Esquire, OIL, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, San Francisco, CA, for Respondent.

Before: HALL, T.G. NELSON and THOMAS, Circuit Judges.

MEMORANDUM **

Petitioner Susanna Alikhanova, a citizen of Armenia, petitions for review of a decision of the Board of Immigration Appeals ("BIA"), which denied her application for asylum on the basis of an adverse credibility finding. We deny the petition for review.

I

We review for substantial evidence an adverse credibility finding. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir.2007). Two inconsistencies, both of which go to the heart of Petitioner's claim, *see Ceballos–Castillo v. INS*, 904 F.2d 519, 520 (9th Cir.1990), formed a basis for the adverse finding: inconsistencies concerning the year when Alikhanova was baptized and the year when she witnessed the killing of her religious brother. In light of these inconsistencies, substantial evidence supported the adverse credibility determination. Petitioner also argues that the IJ and BIA improperly used her asylum interview testimony in reaching the adverse credibility determination. Because Petitioner did not raise these issues to the BIA, we lack jurisdiction to review them. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir.2004) (no jurisdiction over legal claims not presented in administrative proceeding below).

II

Petitioner received a full and fair hearing and an accurate translation of the proceedings, as required by the Due Process Clause of the Fifth Amendment. *See Barron*, 358 F.3d at 677 (stating that we review de novo a due process challenge to an immigration proceeding). To make out a due process violation, a petitioner must establish that the translation was both incompetent and prejudiced the outcome of the hearing. *Perez–Lastor v. INS*, 208 F.3d 773, 777–80 (9th Cir.2000). Petitioner fails to identify any evidence of mistranslation in the record.

III

Petitioner argues that the BIA erred in failing to consider supplemental documents she submitted on appeal as a de facto motion to remand. Although the BIA may in its discretion consider such documents as a de facto motion to remand, it is not required to do so.

**PETITION DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.